■ ANDREW C. MELVIN, JR., et al., Respondents, v. THOMAS BERRY et al., Appellants, and ROBERT WARE, Defendant. (Action No. 1.) ROBERT WARE, Respondent, v. KINCAR AUTO CORP. et al., Appellants. (Action No. 2.) — In two consolidated negligence actions *inter alia* to recover damages for personal and property injuries and loss of services, defendants other than Robert Ware appeal from a judgment of the Supreme Court, Westchester County, entered October 13, 1972 after separate trials on the issues of liability and damages, (1) against defendants Thomas Berry and Kincar Auto Corp. upon a jury verdict of $25,000 for plaintiff Andrew C. Melvin, Jr., and $1,000 for plaintiff Claytee Melvin, (2) against said defendants and defendant National Cleaning Consultants, Inc., upon a jury verdict of $160,000 for plaintiff Robert Ware and (3) dismissing the complaint of plaintiffs Melvin against defendant Robert Ware upon the trial court's decision at the end of the plaintiffs' cases on the liability trial. Judgment affirmed insofar as it is in favor of plaintiffs Claytee Melvin and Robert Ware, with costs to Robert Ware against appellants. Judgment reversed insofar as it is in favor of plaintiff Andrew C. Melvin, Jr., on the law, and new trial granted as to his cause of action solely on the issue of damages, with appropriate severance of action and with costs to abide the event, unless, within 30 days after entry of the order to be made hereon, he shall serve and file in the office of the clerk of the trial court a written stipulation consenting to reduce the amount of the jury verdict in his favor to $15,000 and to the entry of an amended judgment accordingly, in which event the amended judgment, as thus reduced as to him, is affirmed as to him, without costs. The appeal did not present questions of fact. In our opinion, the jury verdict for plaintiff Andrew C. Melvin, Jr., was excessive to the extent indicated herein. The Trial Justice clearly defined to the jury the significance of the dismissal of the Melvin complaint against Ware and, therefore, it may not be said that that dismissal assured a jury verdict for Ware as a plaintiff. Latham, Acting P. J., Gulotta, Christ and Brennan, JJ., concur; Shapiro, J., concurs in the affirmance as to plaintiffs Claytee Melvin and Robert Ware and otherwise dissents and votes to affirm the judgment as to plaintiff Andrew C. Melvin, Jr., with the following memorandum: In my opinion, the granting of a new trial as to

plaintiff Andrew C. Melvin, Jr. unless he stipulates to reduce the amount of his verdict constitutes a usurpation of the function of the jury, upon the record in this case.